*890 OPINION.
Milliken:
The issue in this proceeding relates to a determination of the March 1, 1913, value of the property of the petitioner which he sold in the year 1919. The deficiency determined by the Commissioner did not take into account necessary and obvious factors, but this omission can not be charged to the Commissioner or his counsel, for the reason that until the hearing the facts concerning the transaction were not in their possession. The deficiency in tax was computed on the theory that petitioner sold his land, machinery *891 and equipment in 1919 for $100,000, receiving $50,000 in cash and $50,000 in notes — the notes were considered of no value at the date of their receipt and accordingly were eliminated from the gain or loss computation.
We have found that the notes were worth their face value in the year of their receipt, and accordingly $100,000 should be used as a starting point in computing the gain or loss. Against the $50,000 in cash that the petitioner received, the Commissioner applied the cost to the petitioner of the land which he had purchased in 1894, or $3,848, and determined a gain of $46,152. No value was allowed for machinery, buildings and equipment placed on the land prior to March 1, 1913, which were sold in 1919, nor was a determination made of the March 1, 1913, value of the land to which attached timber and mineral rights.
The petitioner is 89 years of age and in the last year has suffered a stroke of paralysis which almost destroyed his memory, and his counsel at the hearing was forced to dismiss him as a witness and to abandon efforts to obtain detailed information from him. The petitioner is of the school that carry the facts of their business under their hats — maintaining no books of account in which were recorded the cost of improvements placed on the property. There was no other person who could testify as to the exact cost of the improvements placed on the property prior to March 1, 1913, and the testimony introduced was by persons who had known the property on March 1, 1913, and had a basis for determining its fair market price or value. There can be no dispute — and counsel for the Commissioner so admitted at the hearing — that the improvements set forth in the findings of fact were on the property at March 1, 1913, and were sold in 1919. The difficulty arises in determining the fair market price or value of the same on March 1, 1913. We have the testimony of numerous witnesses who had known the property for years prior and subsequent to March 1, 1913, and from a careful consideration of all the testimony we determine the fair market price or value of the property of petitioner to have been $76,500 on March 1, 1913, and this value should be used in computing the gain or loss resulting from the sale of the property of the petitioner for $100,000 in 1919, with the factor of depreciation at the composite rate of 5 per centum on machinery, buildings and equipment of the value of $34,000 from March 1, 1913, to the year of sale.

Judgment will be entered on 15 days’ notice, under Rule 50.